UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

THOMAS G. LAUSMAN,

    Plaintiff,

v.

Case No.: 22-CV-256

MIDLAND CREDIT MANAGEMENT, INC.,

    Defendant.

**JOINT REPORT OF THE PARTIES' RULE 26(f) DISCOVERY PLAN**

    Plaintiff Thomas G. Lausman and Defendant Midland Credit Management, Inc. ("Midland"), by their attorneys, respectfully submit the following report pursuant to Fed. R. Civ. P. 26(f) and the Court's Notice of Rule 16(b) Telephone Scheduling Conference, which is currently set for July 12, 2022 at 9:30 a.m. (Doc. No. 11.) Attorney Marwan R. Daher of the Sulaiman Law Group, Ltd. will participate in the conference on behalf of Plaintiff, and Attorney Brett B. Larsen of Hinshaw & Culbertson, LLP will participate on behalf of Defendant.

    Pursuant to Fed. R. Civ. P. 26(f), counsel for the parties have conferred regarding the items set forth therein and jointly state as follows:

    1.    <u>Nature of the Case:</u>  The case at bar is an action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the Wisconsin Consumer Act ("WCA"), Wis. Stat. Chs. 421-427. Plaintiff claims that Defendant violated the FDCPA and WCA by making collection calls to him regarding a debt that was not his without his consent. Defendant denies any alleged violations of federal or state law, asserts that Plaintiff consented to and never revoked consent to the subject calls, and further asserts that any alleged violation, which Defendant denies,

was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

2. <u>Jurisdiction</u>: Plaintiff asserts that the Court has subject matter jurisdiction over the FDCPA claim pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367. The parties do not contest personal jurisdiction.

3. <u>Possibility of a Prompt Settlement:</u> The parties will explore the possibility of settlement if and as appropriate.

4. <u>Motions</u>:

<u>Plaintiff: Plaintiff does not anticipate filing any motions at this time.</u>

<u>Defendant:</u> Defendant anticipates filing a motion for summary judgment or for judgment on the pleadings if appropriate. To the extent Plaintiff's alleged claims are subject to an arbitration agreement, Defendant reserves the right to file a motion to compel arbitration. Defendant reserves the right to file any other discovery or pretrial motion that might be appropriate as this case develops.

5. <u>Amendments to Pleadings:</u> The parties do not currently anticipate any further amendments to the pleadings at this time, but request a deadline of August 12, 2022 to do so.

6. <u>Initial Disclosures</u>: The parties will make their initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) by August 12, 2022.

7. <u>Length of Trial:</u> The parties anticipate that these claims may be resolved through dispositive motions. Plaintiff has requested a jury trial, and if the case proceeds to trial, they expect that a trial on this matter would last one or two days.

8. Anticipated Discovery:

Plaintiff: Plaintiff intends on serving Defendant with interrogatories pursuant to Fed. R. Civ. P. 33; requests for production pursuant to Fed. R. Civ. P. 34; and/or requests for admission pursuant to Fed. R. Civ. P. 36. Plaintiff further intends on taking Defendant's Rule 30b(6) deposition, but does not currently anticipate that any other depositions will be necessary.

Defendant: Defendant anticipates that it may serve Plaintiff with interrogatories pursuant to Fed. R. Civ. P. 33; requests for production pursuant to Fed. R. Civ. P. 34; and/or requests for admission pursuant to Fed. R. Civ. P. 36. Defendant may take Plaintiff's deposition, but does not currently anticipate that any other depositions will be necessary.

8. Electronically Stored Information: The parties are uncertain at this time whether this case will involve electronically stored information. In the event this case does involve any electronically stored information, the parties agree to discuss and seek agreement on protocols regarding the identification, review, and production of electronically-stored information. The parties further agree to use reasonable measures to obtain discovery, following the guidelines of the Federal Rules of Civil Procedure, including Rule 26(b)(2)(B) regarding the scope of production of electronically stored information, should such information be part of the discovery in this case.

9. Confidentiality: The parties are unsure at this time whether disputes concerning confidentiality or claims of privilege will arise. If any such disputes arise, the parties will attempt to resolve them. The parties further agree that, subject to further discussion or agreement, any financial information exchanged by the parties will be kept confidential and will not be disclosed to any third party. The parties also agree to submit a proposed protective order for the Court's approval if necessary.

10. <u>Orders:</u> The parties do not contemplate any additional orders that should be entered by the Court under Federal Rules 16(b)-(c) or 26(c) other than the Scheduling Order. Motions made in the normal course of litigation pursuant to the Court's order, the Federal Rules of Civil Procedure, and the Local Rules may be filed as the case dictates.

11. <u>Change to Limitations on Discovery</u>: The parties agree that no changes to the limitations on discovery imposed by the Federal Rules are necessary at this time.

12. <u>Discovery Plan:</u> The parties propose the following dates and deadlines:

| | |
|---|---|
| i. Amendments to Pleadings: | August 12, 2022 |
| ii. Initial Rule 26(a)(1) disclosures: | August 12, 2022 |
| iii. Plaintiff to disclose any expert witness(es): | N/A |
| iv. Defendant to disclose any expert witness(es): | N/A |
| v. Disclosure of any rebuttal expert(s): | N/A |
| vi. Discovery to be completed: | January 12, 2023 |
| vii. Dispositive motions to be filed: | February 12, 2023 |

Dated this 5th day of July, 2022

**SULAIMAN LAW GROUP, LTD.**

*/s/ Marwan R. Daher (w/permission)*
Marwan R. Daher
2500 S. Highland Avenue, Suite 200
Lombard, IL 60148
Phone: 630-537-1770
Email: mdaher@sulaimanlaw.com
*Attorneys for Plaintiff*

| | |
|---|---|
| Dated this 5th day of July, 2022 | **HINSHAW & CULBERTSON, LLP** |
| | */s/ Brett B. Larsen* |
| | Brett B. Larsen |
| | State Bar No. 1064355 |
| | 100 East Wisconsin Ave., Suite 2600 |
| | Milwaukee, WI 53202 |
| | Phone: 414-225-4809 |
| | Email: blarsen@hinshawlaw.com |
| | *Attorneys for Defendant* |